# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| IN RE:<br>CHRISTOPHER JOHN DAMBRA DBA BLAST MAGIC, LLC<br>    Debtor | Case No. 21-12854-pmm<br><br>Chapter 13 |
| Freedom Mortgage Corporation,<br>    Movant<br><br>vs.<br>CHRISTOPHER JOHN DAMBRA DBA BLAST MAGIC, LLC<br>    Respondent | <br>11 U.S.C. §362 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER §362 PURSUANT TO BANKRUPTCY PROCEDURE RULE 4001

Movant, by its attorneys, Brock and Scott PLLC, hereby requests a termination of Automatic Stay and leave to proceed with its state court rights on its mortgage on real property owned by Christopher John Dambra (the "Debtor").

1. Movant is Freedom Mortgage Corporation.

2. Debtor, Christopher John Dambra, is/are the owner(s) of the premises located at 64 Shelter Lane, Levittown, Pennsylvania 19055 hereinafter known as the mortgaged premises.

3. Movant is the holder of a mortgage on the mortgaged premises.

4. Debtor's failure to tender monthly payments in a manner consistent with the terms of the Mortgage and Note result in a lack of adequate protection.

5. Movant instituted foreclosure proceedings on the mortgage because of Debtor's failure to make the monthly payment required hereunder.

6. The foreclosure proceedings instituted were stayed by the filing of the instant Chapter 13 Petition.

7. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed as of March 13, 2025:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 4 | December 1, 2024 | March 1, 2025 | $1,617.55 | $6,470.20 |
| | | | Less partial payments (suspense balance): | ($25.19) |
| | | | **Total:** | **$6,445.01** |

8. The amounts listed above may not include any post-petition fees and costs previously filed with the Court pursuant to Rule 3002.1. The Secured Creditor does not waive it's right to collect these amounts.

9. A post-petition payment history is attached hereto as Exhibit A.

10. The next payment is due on or before April 1, 2025 in the amount of $1,617.55. Under the terms of the Note and Mortgage, Debtor has a continuing obligation to remain current post-petition and failure to do so results in a lack of adequate protection to Movant.

11. Upon information and belief, the payoff amount as of March 13, 2025 is $167,978.33.

12. Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with its state court rights pursuant to the mortgage contract.

13. Movant specifically requests permission from the Honorable Court to communicate with and Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law.

14. Movant, it's successors and assignees posits that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees should be allowed to immediately enforce and implement the Order granting relief from the automatic stay.

15. Movant requests that if relief is granted that Federal Rule of Bankruptcy Procedure 3002.1 be waived.

**WHEREFORE**, Movant respectfully requests that this Court enter an Order;

a. Modifying the Automatic Stay under Section 362 with respect to 64 Shelter Lane,

Levittown, Pennsylvania 19055 (as more fully set forth in the legal description attached to the Mortgage of record granted against the Premises), as to allow Movant, its successors and assignees, to proceed with its rights under the terms of said Mortgage; and

  b. Movant specifically requests permission from this Honorable Court to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law; and

  c. That the Trustee cease making any further distributions to the Creditor; and

  d. Holding that due to Debtor's continuing failure to tender post-petition mortgage payments and the resulting and ever-increasing lack of adequate protection that said failure presents, sufficient grounds exist for waiver of Rule 4001(a)(4), and that Movant, its successors or assignees, should be allowed to immediately enforce and implement the Order granting relief from the automatic stay; and

  e. Waiving Federal Rule of Bankruptcy Procedure 3002.1; and

  f. Granting any other relief that this Court deems equitable and just.

This is the 14th day of March, 2025.

           /s/Ryan Starks
           Andrew Spivack, PA Bar No. 84439
           Matthew Fissel, PA Bar No. 314567
           Mario Hanyon, PA Bar No. 203993
           Ryan Starks, PA Bar No. 330002
           Jay Jones, PA Bar No. 86657
           Ryan Srnik, PA Bar No. 334854
           Attorney for Creditor
           BROCK & SCOTT, PLLC
           3825 Forrestgate Drive
           Winston Salem, NC 27103
           Telephone: (844) 856-6646
           Facsimile: (704) 369-0760
           E-Mail: PABKR@brockandscott.com